IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| GINA MCCORMICK, <br><br> Plaintiff, <br><br> v. <br><br> ETHOS TECHNOLOGIES, INC. D/B/A ETHOS LIFE INSURANCE SERVICES, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS & COMMERCE CODE** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Gina McCormick ("Mrs. McCormick"), through her counsel, and for her Complaint against Defendant, Ethos Technologies, Inc. d/b/a Ethos Life Insurance Services states ("Ethos"):

## INTRODUCTION

1. Plaintiff brings this complaint for Defendant's violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq.*,

## PARTIES

2. Gina McCormick is a natural person who, at all times relevant to this Complaint, resided in Prosper, Texas.

3. Ethos is a for-profit company with a business location of 1606 Headway Circle #9013 Austin, Texas, 78754.

4. Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## JURISDICTION AND VENUE

5. This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

6. Venue is appropriate in this federal district under 47 U.S.C. § 227(g)(4) and 28 U.S.C. § 1391 because Defendant regularly transacts business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

7. Ethos is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Ethos is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

9. Mrs. McCormick's telephone number, XXX-XXX-4158, is registered to a cellular telephone service.

10. Mrs. McCormick's number ending in 4158 has been registered on the National Do Not Call Registry since March 13, 2021.

11. Mrs. McCormick registered her cellular number to avoid receiving unwanted calls.

12. The cellular telephone ending in 4158 is registered in Mrs. McCormick's name.

13. In this matter, despite this registration, Mrs. McCormick received two unsolicited calls and a text message from Ethos regarding life insurance.

14. On June 15, 2021, Defendant's representative Katy Carter, first contacted Mrs. McCormick via text message on her cellular number ending in 4158 soliciting the sale of Ethos life insurance.

15. Mrs. McCormick knew the text was from Ethos because Ms. Carter provided the following link in her text message to Plaintiff: https://agents.ethoslife.com/invite/56092.

16. When clicking on the link, Mrs. McCormick was taken to an Ethos website providing information on life insurance.

17. The webpage specifically identified the Defendant named in this matter.

18. On June 15, 2021, Ms. Carter also placed two calls to Mrs. McCormick further soliciting the sale of life insurance through Ethos.

19. Plaintiff was not interested in purchasing life insurance.

20. Mrs. McCormick has never sought or solicited information regarding Ethos's services prior to receiving the calls and the text at issue in this matter and was not interested in purchasing life insurance.

21. Ms. McCormick never consented to the calls and text she received.

22. Ms. McCormick has never had an "established business relationship" with Ethos within the meaning of 47 C.F.R. § 64.1200(f)(5).

23. Defendant's calls, as alleged herein, constitute "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

## FIRST CAUSE OF ACTION
### Violations of the TCPA's National Do-Not-Call Registry Provisions
### 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c)(2)

24. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

25. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by placing multiple solicitation calls within a 1-day period to the cellular telephone number belonging to Plaintiff despite registration on the National Do Not Call Registry and without having signed, written prior express invitation or permission.

26. Defendant's TCPA violations were negligent and/or willful.

27. The TCPA provides a private right of action for these claims under 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §227(b) and (c);

B. An award of statutory damages;

C An award of treble damages; and

E. Such other and further relief that the Court deems reasonable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.


**GINSBURG LAW GROUP, P.C.**

Dated: May 17, 2024    By:  *s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg
GINSBURG LAW GROUP, P.C.
1012 N. Bethlehem Pike, Suite 103, Box #9
Ambler, PA 19002
Telephone: (855) 978-6564
Facsimile: (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

*Attorney for Plaintiff,
Gina McCormick*