# EXHIBIT 2

| | |
|---|---|
| From: | Zielinski, Sarah A. |
| To: | Amy Ginsburg |
| Cc: | Karamanos, Christopher J.; Melanie Panasiuk |
| Subject: | RE: McCormick v. Ethos - meet and confer request |
| Date: | Friday, August 23, 2024 4:58:36 PM |
| Attachments: | Ethos Rule 11 Motion For Sanctions.pdf |

SUBJECT TO FRE 408

Dear Amy:

Following up on our meet and confer discussion regarding Plaintiff's violation of Rule 11, attached is Ethos' Rule 11 motion for sanctions. Please confirm receipt. We are also sending a copy of the motion to you via certified mail. The motion seeks Ethos' recovery of legal fees for the past three years Plaintiff has frivolously pursued this matter. Those fees will continue to increase the longer Plaintiff pursues this matter.

In addition, I wanted to address the two issues you raised during our meet and confer call.

First, the fact that your client does not recall providing consent is not evidence that consent was not provided. We have evidence that your client provided consent and we have given you that evidence. Our evidence of consent overrides your client's inability to remember whether she provided it or not.

Second, the IP address issue you raised does not demonstrate that your client did not provide consent. As a threshold matter, many variables affect IP geolocation. Additionally, it strains credulity to believe that someone other than Ms. McCormick provided her name and address in the applicable consent. Moreover, Ms. McCormick also provided verbal consent to speak with a live agent and, during that call, invited additional calls. Specifically, she said she was available for a call "anytime" despite being warned that the call would occur even if Ms. McCormick was registered on the DNC registry. This is additional evidence of consent and renders the IP address argument irrelevant.

Lastly, in addition to the Rule 11 violation, Plaintiff's claim cannot survive a motion to dismiss. The claim hinges on the assumption that Ethos is vicariously liable for the calls. Because a third-party, not Ethos, contacted Ms. McCormick after receiving her consent in two forms, Ethos is not subject to vicarious liability. And Ethos has successfully obtained dismissals in other cases based on failure to adequately allege Ethos' vicarious liability. In the remote chance the Complaint did survive a motion to dismiss, Ethos intends to pursue all available counterclaims against the McCormicks and their TCPA business as serial plaintiffs.

Please let us know your availability to discuss these issues, or we will proceed with our filings.

Thank you,

**Sarah A. Zielinski**
McGuireWoods LLP
T: +1 312 849 8288 | M: +1 513 295 2239
szielinski@mcguirewoods.com